IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES DEPT. OF AGRICULTURE,** : | |
| : | |
| **Defendant/Appellant,** : | |
| : | |
| v. : | 5:05-CV-20 (CAR) |
| : | |
| **CATHY SMITH JACKSON,** : | |
| : | |
| **Debtor/Plaintiff/Appellee.** : | |
| _____ : | |

*ORDER ON APPEAL*

Before the Court is an appeal from the decision of the United States Bankruptcy Court for the Middle District of Georgia, Macon Division, denying Defendant/Appellant United States Department of Agriculture, Rural Development (hereafter USDA)'s Motion for Summary Judgment, finding that because Debtor/Plaintiff/Appellee Cathy Smith Jackson (hereafter Jackson) is no longer using the subject property as her principal residence, she is allowed to modify the rights of Defendant/Appellant as a holder of a secured claim.  [Doc. 1].  On appeal, Defendant/Appellant contends that the Bankruptcy Court erred in concluding that the date of petition was the correct date at which Debtor/Plaintiff/Appellee must be using the property as her principal residence and that Defendant/Appellant was not entitled to the protections afforded under 11 U.S.C. § 1322(b)(2).  Debtor/Plaintiff/Appellee filed a Response Brief [Doc. 6], and Defendant/Appellant filed a Reply Brief.  [Doc. 7].

Having considered the record, the briefs filed by both parties, and the relevant case law, the Court disagrees with the Bankruptcy Court's decision. This Court holds that: (1) the date of the loan agreement is the date from which to assess her principal residency in the home, and thus, (2) USDA is afforded protection under § 1322(b)(2) because the home was Jackson's principal residency at the time at which the loan agreement was entered. Therefore, the decision of the Bankruptcy Court is **HEREBY REVERSED**.

## BACKGROUND

The following is a brief recitation of the facts as found by the Bankruptcy Court in its Memorandum. [Doc. 14, brown folder].

Jackson applied to the USDA for a loan to purchase a residence in Sparta, Georgia in January of 1983. In this application, she wrote that she would be the sole occupant of the residence, that she needed a place to live, and that she needed to borrow the amount of the residence. USDA loaned her the funds with which to purchase the residence. Jackson executed a promissory note and a deed to secure debt giving USDA a lien against the residence. The Bankruptcy Court found that this residence was Jackson's principal residence when USDA's security interest was created in 1983. Jackson holds record title to the residence. Jackson does not currently reside in the residence, and her stepfather has resided in the residence for some years.

In August of 2003, Jackson filed a petition under Chapter 13 of the Bankruptcy Code. The Bankruptcy Court found that Jackson did not use the home as Jackson's principal residence at the time she filed her bankruptcy petition. USDA filed a proof of

claim asserting a secured claim for $32,888.58 in this proceeding. USDA's deed to secure debt is the only lien against the residence, and its claim is secured only by the residence. In April of 2004, Jackson filed a Complaint to determine the extent of USDA's secured claim on the residence. Both parties agree that the value of the residence is at least $9,000.00. Jackson has offered to pay USDA for the secured portion through her proposed Chapter 13 plan and treat the remainder of USDA's claim as unsecured. USDA contended that any modification of its claim is prohibited by § 1322(b)(2) of the Bankruptcy Code.

USDA filed a Motion for Summary Judgment on July 14, 2004, to which Jackson responded. The Bankruptcy Court denied USDA's Motion on December 3, 2004. [Doc. 14, brown folder]. In its Order, the Bankruptcy Court held that the critical date for deciding whether a creditor qualifies for § 1322(b)(2) protection is the date that the bankruptcy petition is filed, and because it found that Jackson was not using the home as her principal residence when she filed her petition, the Bankruptcy Court found that USDA is not entitled to protection under this section. The Bankruptcy Court did not provide insight into its reasoning as to choosing the petition filing date.

USDA filed a notice of appeal of the denial of its summary judgment motion with the Bankruptcy Court on December 14, 2004, and the appeal was filed with this Court on January 19, 2005. [Doc. 1].

**STANDARD OF REVIEW**

This Court will accept a bankruptcy court's findings of fact unless those findings are clearly erroneous. See Fed. Bankr. R. 8013; In re Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990); In re Club Assocs., 951 F.2d 1233, 1228 (11th Cir. 1992). A district court is

not authorized to make independent findings of fact. See id. at 1384. Moreover, if a bankruptcy court's findings are "silent or ambiguous as to an outcome determinative factual question," remand to the bankruptcy court is required. Id. (quoting Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987) (internal quotes omitted)).

In contrast, conclusions of law, including a bankruptcy court's interpretation and application of the Bankruptcy Code, are reviewed *de novo.* See In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). As such, this Court is not required to give any deference to a bankruptcy court's interpretation of law or its application of the law to the facts. Goerg v. Parungao, 930 F.2d 1563, 1566 (11th Cir. 1991).

## DISCUSSION

### I. Law Regarding Modification of Rights of Holders of Secured Claims

The section of the Bankruptcy Code at issue in this appeal is 11 U.S.C. § 1322(b)(2) which provides that a debtor's bankruptcy plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." If the collateral property is the debtor's principal place of residence, then the debtor may not alter the secured claim. There is a disagreement in the courts as to whether holders of secured claims are entitled to the § 1322(b)(2) protection when the debtor's use of the property as a principal residence changes between the time of the loan and the time of the bankruptcy petition. The date a court uses when making this principal residency determination is a critical issue. Some courts advocate looking to the time of the bankruptcy petition, and others advocate looking to the time of

the loan as outlined in § 121.2 Timing Issues: Prepetition Changes in Collateral or Use of Lundin's treatise on Chapter 13 Bankruptcy. 2 Keith M. Lundin, Chapter 13 Bankruptcy, 3d. Ed., § 121.2 (2000 & 2004 Supp). The Court will now outline both positions.

The Bankruptcy Court in this case stated that it chose to follow the courts in In re Howard, 220 B.R. 716 (Bankr. S.D. Ga. 1998), and other cases which state that "[t]he critical date for deciding whether a creditor qualifies for section 1322(b)(2) protection is the date that the petition is filed." Howard, 220 B.R. at 718. The bankruptcy court here did not provide much insight into why it followed this line of decisions, so this Court shall analyze the Howard court's reasoning. The court in Howard follows the courts in In re Amerson, 143 B.R. 413, 416 (Bankr.S.D.Miss.1992) and In re Dinsmore, 141 B.R. 499, 505-06 (Bankr.W.D.Mich.1992) in going with the date of petition because of language in 11 U.S.C. § 502(b). The court in Howard expresses that "this [petition date] rule discourages creditors from disclaiming security interests post-petition in order to gain protection from modification of their claims under section 1322(b)(2)," and that "[a] creditor's post-petition actions should not allow it to benefit from this narrow exception to a debtor's right to restructure his debts." Id. Rather than provide any reason why the petition date was chosen over an earlier agreement date, the reasoning in Howard indicates that the petition date was chosen over the possibility of a post-petition date to prevent the creditors from gaining an unfair advantage by measuring the security of their claims after the date the petition was filed. That reasoning provides no support for why the Bankruptcy Court here would choose the petition date for these facts.

In fact, the <u>Howard</u> court actually indicates an opposite result because even though it decided that the petition date was the correct date to consider, it acknowledged that the agreement itself is the most important evidence to examine and that the case will turn on the terms of the agreement itself rather than the status of the collateral at the time of the petition's filing. 220 B.R. at 718, 720. An examination of the agreement in this case shows that the debtor was intending to use the home as her principal residence at the time she sought the loan from USDA. In fact, using the home as a principal residence is a prerequisite for loan eligibility under the Federal Housing Act of 1949 which controls Rural Housing Loans under the USDA. Both parties here had a mutual understanding at the time of the loan that the home was to be used as her principal residence. Basic contract law principles provide that such an agreement cannot be amended without a mutual agreement by the interested parties. <u>See</u> <u>Georgia Color Farms, Inc. v. K.K.L. Ltd</u>, 234 Ga. App. 849, 851 (1998). So, absent such a mutually agreed upon modification, the parties are bound by their original agreement, such as the loan contract. The Bankruptcy Court did not make a finding of fact as to whether the parties' agreement had been modified by mutual agreement or that USDA agreed to no longer have the § 1322(b)(2) protection. If the agreement is found to have not been modified by mutual assent, then the <u>Howard</u> court appears to advocate following the original agreement which held that the home was her principal residence.

This Court finds that this case need not be remanded for a finding of fact as to possible modification of the agreement because it finds that the second position of looking to the principal residence status at the time of the loan is more appropriate given the

purpose and legislative history of the Federal Housing Act. In re Smart, 214 B.R. 63 (Bankr.D.Conn.1997), contains a significantly more similar factual scenario to the case at bar than Howard and examines both the § 1322(b)(2) statutory language itself and the legislative history if the statutory language is unclear. Smart, 214 B.R. at 67. The statutory language is unclear in that it is difficult to tell whether the critical phrase, "real property that is the debtor's principal residence" modifies the remotely antecedent term, "claim," or the more immediate antecedent term, "security interest." Depending on which modifier is used in the statutory language, the date at which principal residency is measured is either the date of the petition or the date the loan was made. Because of this confusion, an examination of the legislative history is necessary, and Smart held that it is the intention of the drafters, rather than the strict language, that controls. Id.

The legislative history of § 1322(b)(2) "indicates that favorable statutory treatment of homestead mortgagees was intended to encourage and sustain a flow of affordable capital into the home lending market. Id. at 68. Using the date of the loan in examining § 1322(b)(2) is consistent with, and wholly supportive of, Congress' "flow of capital" purpose. Id.

> By contrast, a construction which makes the petition date. . . the status determination date injects additional creditor risk into the mortgage loan transaction by creating the opportunity for debtors to manipulate their place of principal residence after completion of the mortgage transaction and prior to (or during) their Chapter 13 case, thereby 'bootstrapping' modification of a mortgage that was taken in reliance upon the security serving as the principal residence. Id.

The Court finds that using the date of the loan agreement honors the purpose and intent of this statute in providing security to homestead lenders while debtors are seeking debt relief

under Chapter 13. Accordingly, the Court finds that the date of the loan is the critical date in assessing whether a debtor was using a home as her principal residence. The Court reverses the lower court as to this point.

### II.     Application of Law to Current Facts

The facts of this case are largely undisputed. It is the application of the law to those facts that is contested. This is purely a legal question. Jackson has sought to modify USDA's rights as holder of a secured claim on the residence in question by claiming that the home is not her principal residence as required under § 1322(b)(2). The entire outcome of the appeal turns on whether the Court looks to the home as Jackson's principal residence at the date of the loan application or the date of the bankruptcy petition. If this Court looked to the date of the petition as the Bankruptcy Court did, then its decision would be affirmed. But, because the Court has deemed it proper to look to the date of the loan application, the Bankruptcy Court's decision is **HEREBY REVERSED,** and USDA's Motion for Summary Judgment is granted. USDA is afforded the protection under § 1322(b)(2) and Jackson cannot modify USDA's secured claim on the home, as it was her principal residence at the time she entered the loan agreement.

### CONCLUSION

Aside from any issues specifically discussed in this Order, this Court does not deem any of the facts found by the lower court to be clearly erroneous and therefore does not disturb the findings of fact. The Court does find that the lower court did not make a factual finding of whether the original loan agreement made by the parties was amended by mutual

consent to allow Jackson to abandon the property as her principal residence, but the Court finds it unnecessary to remand the case to the Bankruptcy Court for a hearing to make such a factual determination. This Court, having reviewed the applicable law and the arguments of the parties, disagrees with the lower court's conclusions of law and the application thereof concerning the date at which principal residence is determined. Accordingly, the Court **HEREBY ORDERS** that the decision of the Bankruptcy Court is **REVERSED**. Jackson cannot modify USDA's secured claim on the home, as it was her principal residence at the time she entered the loan agreement. USDA's Motion for Summary Judgment is granted, and USDA is afforded the protection under § 1322(b)(2).

**SO ORDERED**, this 1st day of July, 2005.

<u>s/ C. ASHLEY ROYAL</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LTH/jec